UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BALCH AND BINGHAM LLP ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  2:14-CV-2041-JHE |
| ) | |
| UNITED STATE OF AMERICA, ET AL ) | |
| ) | |
|    Defendants. ) | |
| ) | |
| ) | |

**INITIAL ORDER
GOVERNING ALL FURTHER PROCEEDINGS**[1]

**I. Compliance with Rule 26 and Local Rule 26.1(d)**

Pursuant to Local Rule 26.1(d)[2] and Rule 26(f) of the Federal Rules of Civil Procedure, the parties must confer no later than 45 days following the appearance of the first defendant. The parties' discussions during their Rule 26(f) conference shall cover the following topics:

- the nature of the claims and defenses and the possibility of a prompt settlement or resolution of the case through formal mediation or informal settlement negotiations;

- arrangements for initial disclosures per Fed. R. Civ. P. 26(a)(1);

---

[1] This Order, along with Judge England's other standard orders in civil cases, will be available at www.alnd.uscourts.gov/England/EnglandPage.htm .

[2] The Local Rules of this Court may be accessed at http://www.alnd.uscourts.gov.  By appearing in this case and practicing in this court, each attorney or *pro se* party certifies to this court he or she has read and is prepared to fully comply with the Court's local rules.

1

- a proposed discovery plan that briefly describes the parties' positions and provides proposed deadlines the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f); and

- execution of authorization(s) for disclosure of "protected health information" in any case in which the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated under the Act, apply.[3]

If the parties are unable to agree upon a date, time, or place for their Rule 26(f) conference, the parties are **ORDERED** to meet at **10:00 a.m.** on the last Friday falling within the forty-five day period specified in LR 26.1(d)(2) in the chambers of the undersigned judge.[4]

**Within 14 days of the Rule 26(f) meeting, the parties must file a joint report of their planning meeting in the general format of Fed. R. Civ. P. Appendix Form 52.**  The report should include a brief description of the nature of the case, an indication of the parties' assessment of the complexity of the case, a list of proposed deadlines for discovery and dispositive motions, and a statement regarding the parties' initial interest in ADR.  Should the parties disagree about an item, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

Upon receipt of the report, the Court may schedule a Rule 16(b) scheduling conference. Following receipt of the report, or a conference if held, the undersigned will enter a scheduling order.

---

[3] If the parties require a HIPAA protective order, they may find a draft order attached as **Appendix I** to this Order.  Upon filing a motion for a HIPAA protective order, the parties should tailor a draft order to their case and email the draft order to the chambers' email address (*see* p. 4, below) for the undersigned's consideration.

[4] If the parties need to use the Court's chambers, the parties MUST telephone the undersigned's chambers at 205-278-1910, at least seven (7) days before the Rule 26(f) conference to schedule the conference.

***TAKE NOTE**: The undersigned will consider a motion to stay the deadline to file this report when there is a pending motion to dismiss.  Such a motion must be made ***before*** the deadline to hold the Rule 26(f) meeting.***

## II.     Discovery

The parties may commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 and LR 26.1 immediately after they file a Rule 26(f) report.  In cases removed from state court in which discovery requests were filed before removal, those discovery requests shall be deemed to have been filed on the date the parties file their Rule 26 report.

The parties are instructed to review Local Rule 5.1 regarding the non-filing of discovery materials in civil cases.

## III.    Electronic Submissions

### A. CM/ECF Record

The official record of this case is maintained electronically pursuant to CM/ECF.  Except in extraordinary circumstances, all filings shall be consistent with the Court's Administrative Procedures Manual.  Attorneys must register for electronic filing and service through the "Attorney Registration" link on the Court's website, www.alnd.uscourts.gov.[5]

**Documents filed through CM/ECF must be in PDF (Portable Document Format).**

Should counsel have trouble filing a document, he or she may call the Clerk's Office at (205) 278-1700 and select option 3 for the Help Desk for assistance.

### B. Protected Information

Counsel are reminded to comply with the Court's Administrative Procedures Manual for electronic filing (on the court's website) with respect to redacting or sealing personal identifiers

---

[5] After an attorney has registered, his/her registration becomes permanent; he or she is not required to re-register in each individual case.

(*e.g.*, Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

The Civil Administrative Procedures Manual also provides instruction for filing material under seal.

### C. Required Electronic Submissions to Chambers

**Counsel must e-mail to chambers copies of all proposed orders.** The address for the undersigned judge's chambers is england_chambers@alnd.uscourts.gov. **Ex parte communications are not allowed.** All communications to the chambers email address must show a copy to all opposing counsel.

## IV. Motion Practice

Any motion for summary judgment **MUST** comply with all requirements of this Order and **Appendix II**.

Any motion other than a motion for summary judgment **MUST** comply with this Order and **Appendix III**.

### A. Format

Documents the parties create for submission to the Court shall be in Word format using Times New Roman Font and 12 point type (including footnotes 12 point type). Documents must be double-spaced; footnotes and indented quotations that exceed three lines may be single-spaced.

Citations to the record must refer to the document number and paragraph or line number, where available. If the parties are unable to cite to a specific paragraph or line number, they shall cite the document number and page number. For example, if a party discusses the

complaint, the citation following that discussion shall appear as follows: (Doc. 1, ¶ __). If a paragraph or line number is not available, the citation would appear as follows: (Doc. 1, p. __).

Requests for oral argument shall appear on the first page of a motion or brief directly below the case number in the caption of the pleading.

### B. Motions to Withdraw as Counsel

A motion to withdraw as counsel must include a certification the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to file an objection with the court within fourteen (14) calendar days of the date of the notification.

## V.  Suitability of Action for Alternative Dispute Resolution

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The Court requires the attorneys for all parties, along with their clients, make an early analysis of the case and be prepared to discuss settlement at an early date. The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.

If a party thinks a settlement conference with the court at any stage would be conducive to settlement, that party may make a written request the Court conduct such a conference.

## VI.  Mandatory Rules of Fee Shifting Cases

If a party anticipates that it may, for any reason other than as a sanction under the Federal Rules of Civil Procedure, seek an award of fees from the opposing party pursuant to a statute or common law or an agreement between the parties, then the party must maintain a record of accumulated fees and expenses pursuant to the rules listed below. Submission of time records that comply with the following rules is a prerequisite to any such award.

    (1)    Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an

    hour), recorded contemporaneously with the time expended for each attorney and with sufficient detail to disclose the nature of the work performed in the action (e.g., not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference).

(2)  If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (1) above.

(3)  Counsel must review and verify all attorney and non-attorney time records no less than once per month.

(4)  Although the Court does not require counsel to file a copy of the time records prior to a request for a fee, counsel may file with the Clerk of the Court either a copy of the time record created pursuant to (1) above, or a separately prepared document setting forth the information described in (1) above. If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case. If counsel elects to file time reports, the material filed may be filed under seal, subject to further Court order, by placing the reports in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written on the outside of the envelope. If the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of the case, without further order, the seal will be lifted as to all attorney fee materials filed under seal.

(5)  A petition for attorney fees shall be accompanied **by counsel's certification** that all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

> **Take Notice:**
> **Failure to comply with the foregoing requirements normally**
> **will result in denial of a request for attorneys' fees.**

## VII. Cases Involving EEOC Charges

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is a prerequisite to suit, then the

**PLAINTIFF(S) MUST** file with the Clerk of Court at the time of filing the disclosures required by Fed. R. Civ. P. 26(a)(1):  (**A**) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; *and* (**B**) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

DONE this February 4, 2015.

.

_____
JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE