FILED
2015 Oct-05  PM 01:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA **FILED**
SOUTHERN DIVISION

2015 OCT -5 P 12: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

Balch & Bingham, LLC,

-vs-                                           Case No. 2:14-cv-02041-JHE

United States of America, and
Frank Louis Amodeo.

_____/

## MEMORANDUM IN SUPPORT OF FRANK L. AMODEO'S ANSWER

Frank L. Amodeo's criminal judgment is fundamentally flawed and presumptively void as a result of the district court's failure to ensure the assistance of counsel during an entire critical stage of the proceedings. The Supreme Court holds that a litigant may collaterally challenge the use of a criminal judgment when an attempt is made to use the counsel-less conviction to the litigant's detriment. In this action, the government's only claim on the interpleader-res is the defective criminal judgment; this court should disregard the judgment and deny the government's claim.

The question upon which this proceeding turns, involves whether a court shall give preclusive effect to an unlawful judgment when the prior judgment has not been vacated, or put differently:

> May a civil litigant challenge the preclusive effect of a criminal judgment which was obtained in violation of the Sixth Amendment's guarantee of council?

## Criminal Judgment May Have Preclusive Effect In Civil Action

At the threshold, we recognize that a civil litigant generally, may not plead or argue facts inconsistent with a guilty plea or criminal judgment. See *Brown v. City of Hialeah*, 30 F.3d 1433, 1434 (11th Cir. 1994). That preclusive rule, however, is not without exception. See, e.g., *Robin Singh Educ. Serves. v. Excell Zest Prep. Inc.*, 274 Fed. Appx. 399 (5th Cir. 2008).

Another exception to the general rule emerges from an established line of Supreme Court authority, that is, the Supreme Court holds where a criminal judgment is presumptively void as a result of the judgment being obtained in the absence of critical-stage counsel, then the Court permits a collateral attack on the otherwise unassailable judgment.

The Supreme Court holds that the unique nature of this type of defect (absence of critical stage counsel) permits a civil or criminal litigant to collaterally challenge the criminal conviction-or more accurately, the preclusive use of the conviction-in any proceeding where the uncounseled, prior judgment may be used to the litigant's detriment. Cf., e.g., *Daniels v. United States*, 532 U.S. 374 (2001); *Custis v. United Stateconcs*, 511 U.S. 485, 496-97 (1994).

Of course the term "collaterally challenge" is not precisely correct, because even if the challenger prevails it does not extinguish the original judgment; rather the "collateral" challenge simply extinguishes the preclusive effect of the earlier judgment. Stated otherwise, if a criminal judgment was obtained without critical-stage counsel, then the litigant can introduce and argue facts, which otherwise would be foreclosed by the earlier judgment.

## Amodeo Denied Critical-Stage Counsel

Prior to the last day of sentencing, Mr. Amodeo asked his attorneys to withdraw the guilty plea. They told him he should wait until after sentencing. Mr.

2

Amodeo had an uneasy feeling about that advice. But the trial court had already chastised Mr. Amodeo about directing his attorneys, so he prepared his own motion (pro se) and sent it to the court. (Crim. Dkt. #127, Pg.ID., 1025:2-5).

Immediately after sentencing, the United States Marshals took Mr. Amodeo to the Acute Mental Health Unit at the Orange County Jail. [1] For four or five days the mental health prison refused to let Mr. Amodeo speak to anyone including his attorneys. [2] Mr. Amodeo's motion to cancel the plea agreement was docketed during this period.

Eventually, Mr. Amodeo's attorneys were allowed to see him, but the sole purpose of that meeting was for Mr. Amodeo to authorize their withdrawal from the case. Ironically, the basis for their withdrawal was that they had a conflict of interest in advising Mr. Amodeo further, because they would need to testify at the hearing on the motion to cancel plea. Thus, they could no longer represent Mr. Amodeo.

This court permitted the conflicted attorneys to withdraw and replaced them with Thomas Dale, Esquire. But Mr. Dale's appointment was limited to the direct appeal. When Mr. Amodeo asked Mr. Dale about the motion to cancel plea- something Mr. Amodeo did after the government responded to the motion-Mr. Dale told Mr. Amodeo that he could not advise Mr. Amodeo since he did not represent him on that matter, a position Mr. Dale maintained throughout the proceedings.

On several occasions, the government has had an opportunity to rebut or refute these allegations. The government has not contested the allegations (obviously because the allegations are true and readily verifiable) this, by rule, the facts are deemed admitted.

---

[1] This was done based strictly on Mr. Amodeo's bipolar diagnosis and his prescribed medication, not on his behavior.

[2] An event that amounts to state interference with the right to counsel and separately requires vacatur without regard to prejudicial effect.

In sum, Mr. Amodeo was effectively deprived the assistance of counsel for the period between sentencing and direct appeal, and he was completely deprived of counsel's assistance for the pre-appeal motion to cancel plea.

**1)    The complete denial of critical-stage counsel is a unique Constitutional defect which not only permits a collateral challenge to the earlier conviction, but also neutralizes any preclusive effect normally attendant to a judgment.**

This proceeding presents the court with a comparatively novel question on the otherwise mundane question of whether a criminal judgment's validity may be collaterally challenged in a civil proceeding. Mr. Amodeo does not seek to invalidate the criminal judgment in this action, rather he seeks to prohibit the other parties from using the presumptively void, [3] putative judgment as either a legal or factual basis for their claims in this proceeding.

An unbroken decisional line of Supreme Court decisions established that a criminal conviction obtained through the denial of criminal counsel may not be used to the criminal defendant's detriment and the criminal defendant may collaterally challenge the use of that judgment in a civil proceeding. A federal court's authority and obligation to entertain a collateral challenge to a criminal judgment in a civil proceeding usually arises in the context of habeas corpus actions. The Supreme Court holds that the only time such a challenge is prudentially heard by the civil court is when there has been a complete denial of critical-stage counsel in the criminal action. Cf., e.g., *Lackawanna County District Attey. v. Coss*, 532 U.S. 394 (2001) (The unique importance of the right to counsel demands that the federal civil court exert jurisdiction of the *Gideon v. Wainwright*, 372 U.S. 335 (1963), type claim); *Daniels v. United States*, 532 U.S. 682 (2001); *Custis v. United States*, 511

---

[3] The Constitution provides that in the absence of critical-stage counsel a criminal judgment is void. See *Geders v. United States*, 425 U.S. 80 (1976); *United States v. Berger*, 375 F.3d 1225, 1226 (11th Cir. 2004); *McConnell v. United States*, 375 F.2d 905 (5th Cir. 1697).

U.S. 485 (1994) (discussing the *Gideon*-error exception to the general rule that prior civil or criminal courts); *Burgett v. Texas*, 389 U.S. 109, 115 (1967). The government's only legal and factual basis for asserting its claim on the interpleader res is just such a judgment.

Moreover, the Supreme Court confirms that, when a conviction was obtained in the absence of counsel, a person may collaterally attack the use of a presumptively void criminal conviction in an unrelated proceeding where the presumptively void criminal judgment is being used against the defendant.

**2)    The unique nature of a total deprivation of critical-stage counsel generates certain presumptions which should guide a court in collateral review.**

As previously described, Mr. Amodeo's judgment was obtained because the original district court denied him critical-stage counsel.

The Supreme Court pronounced that prejudiced is presumed: (1) "where the accused is denied the presence of counsel at a critical stage," (2) "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," and (3) "where counsel is called upon to render assistance under circumstances where competent counsel very likely could not" fulfill the duties of loyalty and zealous advocacy. *Bell v. Cone*, 535 U.S. 685, 695-96 (2002) (citing *United States v. Cronic*, 466 U.S. 648, 659-62(1984)). The Court explicated further, "[w]e have spared the defendant the need of showing probable effect upon the outcome and have simply presumed such effect where assistance of counsel has been denied entirely or during a critical stage of the proceeding. When that has occurred, the likelihood that the verdict is unreliable is so high that a case-by-case inquiry is unnecessary." *Mickens v. Taylor*, 535 U.S. 162, 166 (2002); *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (The complete denial of critical-stage counsel renders "the adversary process itself presumptively unreliable..."); *Strickland v. Washington*, 466 U.S. 668, 692 (1984).

**Hiatus Between Sentencing And Direct Appeal Is A Critical Stage**

On the last day of sentencing Mr. Amodeo filed a pro se motion to cancel the guilty plea. The government responded to the motion. Mr. Amodeo asked the court to appoint counsel, since his attorneys were withdrawing and, because of the conflict created by the pro se motion. Mr. Amodeo's attorneys could not advise Mr. Amodeo on how to proceed, the district court refused to appoint counsel and four months later denied the pro se motion without conducting an evidentiary hearing. *United States v. Amodeo*, case no. 6:08-cr-00176-JA-GJK (M.D. Fla. 2009) (Dkt. #234).

The hiatus between sentencing and direct appeal is a critical-stage in the criminal proceedings. See *Williams v. Turpin*, 87 F.3d 1204, 1209 (11th Cir. 1996) ("Critical stages of a criminal prosecution [are] where substantial rights of a criminal accused may be affected"); see, e.g., *Kitchen v. United States*, 227 F.3d 1014, 1019 (7th Cir. 2000). If Mr. Amodeo had been given counsel his motion to cancel the guilty plea would have been granted. Under any standard of review, since his plea agreement was void, his entire prosecution was afflicted with conflicted counsel, the government breached its written promises, etc.

But this court need not consider these alternative outcomes. Because Mr. Amodeo's contemporaneous objection, harmless-error inquiry is futile.

**A Judgment Obtained In Complete Derogation Of The Sixth Amendment's Guarantee Is Void**

The Constitution establishes certain inflexible prerequisites for an American court to exercise subject-matter jurisdiction over a criminal case; preeminent amongst those prerequisites is that the accused's attorney is present for every critical stage in the criminal proceedings. *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938). If at anytime during the critical stages of the criminal prosecution an accused does not have counsel, the criminal court loses jurisdiction and may not proceed. See *Frank*

*v. Magnum*, 237 U.S. 309, 237 (1915). "If the criminal court should proceed to judgment despite the absence of critical-stage counsel, then the judgment is void…" *Zerbst*, 304 U.S. at 468.

On the last day of Frank Amodeo's sentencing (May 26, 2009), he prepared and submitted a pro se motion to cancel the guilty plea. (Crim. Dkt. #  ). The district court clerk did not docket the motion to cancel the plea until two days later (May 28, 2009). Immediately, upon filing the pro se motion, Mr. Amodeo's counsel moved to withdraw. Mr. Amodeo moved for an appointment of new counsel. The district court approved counsel's withdrawal, but denied Mr. Amodeo's request for substitute counsel.

Several months later, without holding a hearing or appointing counsel, the district court denied Mr. Amodeo's motion to cancel plea. (Crim, Dkt. #  ). Notably, for the entire four-month period that the motion to cancel was pending, the court knew that Mr. Amodeo lacked the assistance of counsel, and yet did nothing to cure the constitutional deficiency even when Mr. Amodeo requested counsel. (Crim. Dkt. #  ).

## CONCLUSION

Mr. Amodeo's criminal conviction is void since the district court and the government affirmatively denied Mr. Amodeo critical-stage counsel. A void judgment has no force and effect, thus this court has the duty to ignore the fundamentally defective criminal judgment when deciding this case.

Respectfully submitted this 5 day of September, 2015 by:

Charles Rahn, Guardian
for Frank L. Amodeo

## Certificate of Service

This Memorandum in Support of Frank L. Amodeo's Answer was delivered in a pre-addressed, postage-paid envelope on the same day as signed. The parties to this Motion appear to be registered or represented by counsel who is registered with the CM/ECF docketing system; thus Mr. Amodeo and Mr. Rahn requests that notice of the filing and service of this Motion occur through that system's electronic medium.


Charles Rahn, Guardian
for Frank L. Amodeo


## Verification

Under penalty of perjury as authorized in 28 U.S.C. §1746, I declare that factual allegations are factual statements contained in this motion are true and correct to the best of my knowledge.


Charles Rahn