FILED

2016 May-03  PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BALCH AND BINGHAM, LLP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:14-CV-2041-VEH** |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an interpleader action filed by Plaintiff Balch and Bingham, LLP, alleging it had possession of $7,891.55 in unused retainer belonging to one of three competing claimants, who Balch named as defendants: The United States of America ("USA"), Claire Suzanne Holland ("Holland"), and Frank Amodeo ("Amodeo"). Before the court is the report and recommendation on Defendant USA's motion for default judgment against Holland. Amodeo and the USA have resolved their competing claims.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). A district judge must review legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd* 28 F.3d 116 (11th Cir. 1994). That said, the court also acknowledges the principle that "[n]either the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). Moreover, absent specific objections, there is no requirement that a district judge review factual findings *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that when a party "did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings") (emphasis in original) (citations omitted).

After a complete and independent review of the record and the magistrate judge's report and recommendation (attached below), the court concludes tht the magistrate judge's report and recommendation will be **ADOPTED**. It is hereby **ORDERED** that:

1.    Defendant United States of America's motion for default judgment (doc. 43), is **GRANTED** and a judgment is entered against Defendant Holland, who hereby forfeits any claim of entitlement to the funds;

2.    Plaintiff Balch and Bingham, LLP is **DISCHARGED** from any further liability with respect to, affecting, or in any way arising out of the funds at issue;

3.    The interpleader defendants are permanently enjoined from instituting or prosecuting any proceeding against Balch and Bingham, LLP with respect to, affecting, or in any way arising out of the funds at issue; and

4.    Final judgment is entered, distributing the interpleader funds Balch and Bingham, LLP deposited into the court registry, including any interest accruing on those funds, as follows:

     a.    $3,945.78 to Defendant Frank Amodeo; and

     b.    $3,945.77, plus all interest, less the Administrative Assessment Fee, to Defendant United State of America.

Separate orders of disbursement will issue.

**DONE** and **ORDERED** this 3rd day of May, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Balch and Bingam, LLP ("Balch") filed this interpleader action on October 23, 2014, alleging it had possession of $7,891.55 in unused retainer that belonged to one of three competing claimants, who Balch named as defendants: the United States of America ("the Government"), Claire Suzanne Holland ("Holland"), and Frank Amodeo ("Amodeo"). (Doc. 1). Balch's complaint seeks discharge from any liability related to, and enjoining any future action against Balch regarding, the unused retainer. (Doc. 1 at 4). The Government now moves for a default judgment against Holland pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, (doc. 43), and the parties other than Holland have filed a stipulation of settlement of the remaining issues, (doc. 45). Based on the following, the undersigned recommends the motion for default judgment be **GRANTED**, the relief Balch seeks be **GRANTED**, and the funds disbursed as stipulated.

## I. Background

Around 2006, Balch accepted a retainer to represent Amodeo and Holland in a residential construction dispute, and, at the end of the representation, $7,891.55 remained in Balch's general account. (Doc. 1 at ¶¶ 7-8). In 2008, Balch received notice of a seizure warrant issued by United States Magistrate Judge David A. Baker in the United States District Court for the Middle District of Florida, for proceeds held for

Amodeo in Balch's trust account. (Id. at ¶ 9). Balch delivered these funds, but the unused retainer in Balch's general account was not responsive to the warrant and remained in the account. (Id. at ¶ 10).

As a result, Balch filed the instant complaint, contending it was unable to determine the proper beneficiary of the unused retainer and that it was at risk of multiple liability due to the competing claims. (Id. at ¶ 11). Balch deposited the unused retainer with the Court. (Doc. 5). After the complaint was filed, summonses were issued for all three defendants. (Docs. 6, 7, & 8). The Government and Amodeo were served, (docs. 9 & 10), and both appeared, claiming entitlement to the funds, (docs. 22 & 37). The summons directed to Holland was returned "not deliverable as addressed," (doc. 11), and an alias summons was issued, (doc. 12). Holland was served on November 21, 2014. (Doc. 20 & 43-2). To date, Holland has not answered or otherwise defended against the complaint, and, at the Government's request, the Clerk entered default on March 17, 2016. (Docs. 43 & 44). On April 11, 2016, the parties who have appeared filed a stipulation of settlement of the remaining issues. (Doc. 45).

## II. Analysis

### A. Motion for Default Judgment Against Holland

The Government asserts in the declaration attached to its motion for default that Holland has failed to plead or otherwise defend this action and she is not an infant or

5

incompetent person and has not been in the United States military service since, or for a period of six months prior to, the filing of this action. (Doc. 43-3 at ¶ 3). As such, she is in default and subject to default judgment under Rule 55(b), FED. R. CIV. P.

The Eleventh Circuit has set out the law regarding default judgments as follows:

> While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit[ ] the plaintiff's well-pleaded allegations of fact.' The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.

*Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (internal citations and footnotes omitted) (emphasis in original). Under this law, the Court must examine the factual allegations, deeming them admitted, to determine whether there is sufficient basis to award the relief sought.

Balch has alleged it was in possession of money in which it does not claim any interest, (doc. 1 at ¶¶ 8 & 13), and it is aware of competing interests in the money between its former clients (Holland and Amodeo), who originally gave it the money, and the Government, who has sought to seize funds belonging to Amodeo, (*id.* at ¶¶ 7-9).

These well-pleaded allegations, taken as true, establish Balch is at risk of multiple liability from the competing claims and is entitled to pay the money into court and obtain a judgment discharging it from any further liability. See 28 U.S.C. § 1335; 28 U.S.C. § 2410(a)(5); FED. R. CIV. P. 22; *Protective Life Ins. Co. v. Tinney*, No. 2:14-CV-02251-TMP, 2015 WL 1402464, at *3 (N.D. Ala. Mar. 25, 2015). Accordingly, Balch's motion for default judgment against Holland is due to be granted. *See Tinney*, No. 2:14-CV-02251-TMP, 2015 WL 1402464, at *3.

When default judgment is granted against a named and served defendant in an interpleader case, the defaulting defendant forfeits any claim to the *res*. *Id.* at *4 (and cases cited therein). Because Holland is in default and default judgment is due to be entered against her, she has forfeited any claim to the unused retainer paid into court.

## B. Stipulation of the Remaining Parties

On April 11, 2016, the remaining interpleader defendants stipulated to Balch's discharge of liability and to distribution of the $7,891.55 in interpleader proceeds as follows: $3,945.78 to Defendant Frank Amodeo and $3,945.77, plus all interest, less the Administrative Assessment Fee, to the United State of America.

### III. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS**:

1.   Defendant United States of America's motion for default judgment, (doc. 43), be **GRANTED** and a judgment be entered against Defendant Holland, forfeiting any

claim of entitlement to the funds;

2.      Plaintiff Balch and Bingham be **DISCHARGED** from any further liability with respect to, affecting, or in any way arising out of the funds at issue;

3.      The interpleader defendants be permanently enjoined from instituting or prosecuting any proceeding against Balch and Bingham with respect to, affecting, or in any way arising out of the funds at issue; and

4.      Final judgment be entered distributing the interpleader funds Balch and Bingham deposited into the court registry, including any interest accruing on those funds, as follows:

    a.      $3,945.78 to Defendant Frank Amodeo; and

    b.      $3,945.77, plus all interest, less the Administrative Assessment Fee, to Defendant United State of America.

### IV. Notice of Right to Object

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), FED. R. CIV. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal, except for plain error. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

8

**DONE** this 12th day of April 2016.

_____

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE